IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAUL E. GEOGEGAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SECRETARY OF THE ARMY, )<br>)<br>Defendant. ) | Case No. 3:14-cv-00966<br>Judge Sharp / Knowles |

## REPORT AND RECOMMENDATION

This matter is before the Court upon Defendant's "Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim," filed pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Docket No. 11. Defendant has contemporaneously filed a supporting Memorandum of Law, asserting that Plaintiff's claim is time-barred and also fails to state a claim upon which relief may be granted. Docket No. 12.

Plaintiff has not responded to the instant Motion.

Plaintiff filed this pro se, in forma pauperis action, pursuant to 10 U.S.C. § 1552 (authorizing the Secretary of a military department to correct military records), alleging:

> Fraudulent judgment imposed on Paul E. Geohegan 1990 thru 1991 North Atlantic Treaty Organization Gulf war. reduction in rank Sergeant E5(p) down to specialist 4. I had fifteen years service. The charges involve storage of ammunition at company A 327th infantry King faude air field.

Docket No. 1, p. 1.

Plaintiff explains:

> I Paul E. Geohegan thru Veterans of Forgein [*sic*] wars Mr. Arneson (garth.arneson@tn.gov) have sent multipul [*sic*] forms thru appeals boards in Arlington VA. I sent dd149 and VA 21.4138.  I sent DD149 to Department of Army review board.  Was sent responce [*sic*] from Case management Division chief A.L Champin ABCMR review case AR20140002031 a reconsideration can only be completed thru court of appropriate jurisdiction.  I feel the fraudulent judgement took place during our war with the Iraq government 1990 thru 1991. The ammuintion [*sic*] was removed from bunker at air field placed in company area with only myself and another sergeant Ruize I have had no contact with him after 1991.  An appeal was conducted in 1990, I ask now additional information be looked into.  Ammo was not secured properly, it is a N.A.T.O site N.A.T.O does not identify with any entity smaller than battalion.  Only a small amount of ammo was missing, according to N.A.T.O that must be accounted before 327th infantry clears field.  I was never nvolved [*sic*] in a search for ammunition.  I have a packet of information sent to appeal board and review should the court wish to see it.

*Id.*, p. 2.

Attached to his Complaint, Plaintiff submitted what appear to be copies of the forms he avers he submitted to the Department of Veteran's Affairs, along with the responses he received thereto. *See* Attachments to Docket No. 1. Those documents indicate that: (1) Plaintiff was separated from the Army on September 10, 1991, with an honorable discharge; (2) Plaintiff applied to the Army Board for Correction of Military Records ("ABCMR") requesting reconsideration of the Army's Article 15, non-judicial punishment of him that took place with regard to missing ammunition in 1990-1991; (3) the Director of ABCMR notified Plaintiff via denial letter on May 5, 2006 of the Board's decision and enclosed the Board's May 2, 2006 decision with the denial letter; (4) on May 9, 2013 (seven years after the denial), Plaintiff filed a request for reconsideration of the May 2, 2006 ABCMR denial; (5) on June 11, 2013, the ABCMR notified Plaintiff that the staff had reviewed his request, determined that it was

untimely, and returned it to him without action; (6) Plaintiff thereafter submitted a second request for reconsideration; and (7) on February 26, 2014, the ABCMR Chief notified Plaintiff via denial letter that the staff had reviewed this request for reconsideration, reiterated that it was untimely, and again returned it to him without action. *Id.*

The May 5, 2006 denial letter referenced above was signed by ABCMR Director Carl W.S. Chun, and stated as follows:

> Dear Mr. Geohegan:
>
> I regret to inform you that the Army Board for Correction of Military Records denied your application.
>
> The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.
>
> This decision in your case is final. You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

*Id.*, 5th unnumbered page.

The response referenced by Plaintiff in the body of his Complaint was also submitted by Plaintiff as an attachment to his Complaint. That response, a denial letter from Mr. Alejandro L. Champin, Chief, ABCMR's Case Management Division, dated February 26, 2014, states:

> Dear Mr. Geohegan:
>
> This is in response to your application to the Army Board for Correction of Military Records (ABCMR) for reconsideration of ABCMR Docket Number AR20050012068. This case was considered by the ABCMR on May 2, 2006.
>
> Army Regulation 15-185 sets forth procedures for

> processing requests for correction of military records. Paragraph 2-15b governs requests for reconsideration. This provision of the regulation allows an applicant to request reconsideration of an earlier ABCMR decision if the request is received within one year of the ABCMR's original decision and it has not previously be reconsidered.
>
> The staff of the ABCMR reviewed your request for reconsideration and determined that your request for reconsideration was not received within one year of the ABCMR's original decision. As a result, your request for reconsideration does not meet the criteria outlined above, and we are returning your request without further action.
>
> The ABCMR will not consider any further requests for reconsideration of this matter. However, you have the option to seek relief in a court of appropriate jurisdiction.

*Id.*, 1st unnumbered page.

28 U.S.C. § 2401(a) provides, "Except as provided by chapter 71 of title 41 [which is inapplicable to the instant action], every civil action commenced against the United States *shall be barred* unless the complaint is filed within six years after the right of action first accrues. . . ." (Emphasis added). Judicial review of an administrative decision is a civil action within the meaning of 28 U.S.C. § 2401(a), and is subject to the six year statute of limitations set forth therein. *See Fiends of Tims Ford v. Tennessee Valley Authority*, 585 F.3d 995, 964 (6th Cir. 2009). The limitations period begins to run from the time of the agency's final action, which occurs when the agency has completed its decision-making process. *Id.*

As set forth above, Plaintiff's May 5, 2006 denial letter explicitly notified him that the agency's decision was final and that Plaintiff could request consideration within one year only if he had new evidence or could present argument that was not considered by the Board when it denied his original application. Attachments to Docket No. 1., 5th unnumbered page. Plaintiff

4

did not request reconsideration within one year. Instead, Plaintiff waited almost seven years to first request reconsideration. *Id.*, 3rd unnumbered page. As noted above, Plaintiff's first request for reconsideration was denied as untimely, as was his second, subsequent request. *Id.*, 1st and 6th unnumbered pages.

Plaintiff's six year limitation period began to run with the agency's denial of his case in 2006, and ended six years later, in 2012. Plaintiff did not file this action until April 10, 2014. Docket No. 1. Because Plaintiff did not file this action within the six year limitations period set forth in 28 U.S.C. § 2401(a), this action is time-barred.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. CLIFTON KNOWLES
United States Magistrate Judge