# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PAUL E. GEOHEGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil No. 3:14-cv-00966 |
| v. ) | Judge Sharp |
| ) | |
| SECRETARY OF THE ARMY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Paul E. Geohegan, proceeding *pro se*, has filed this action pursuant to 10 U.S.C. § 1552, which authorizes the Secretary of a military department to correct military records. He appeals the Army Board for Correction of Military Records' ("ABCMR") decision to deny his request to consider his application. Defendant Secretary of the Army has filed a Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) to which Plaintiff has failed to respond in opposition.

Magistrate Judge Knowles has issued a Report and Recommendation ("R&R") (Docket No. 13) in which he recommends that Defendant's Motion be granted and this case be dismissed. Despite being advised that any objection needed to be filed within fourteen days, Plaintiff has filed none.

In accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of the record, and agrees with the Magistrate Judge's conclusion that Plaintiff's claims are barred by the six-year statute of limitations applicable to judicial review of

1

a final administrative decision set forth in 28 U.S.C. § 2401(a).  See Friends of Tims Ford v. Tennessee Valley Authority, 585 F.3d 985, 964 (6th Cir. 2009) (citations omitted) ("A complaint under the APA for review of an agency action is a 'civil action' within the meaning of 28 U.S.C. § 2401(a), and is governed by a six-year statute of limitations.").  See also, Piersall v. Winter, 435 F.3d 319, 323-24 (D.C. Cir. 2006) (Claims challenging the decisions of military boards for the correction of records are subject to judicial review under the APA).  Specifically, the Magistrate Judge found that because "Plaintiff's six year limitation period began to run with the agency's [final] denial of his case in 2006, and ended six years later, in 2012," Plaintiff's April 10, 2014 complaint initiating the present case was time-barred. (Docket No. 13).  Accord Friends of Tims Ford, 585 F.3d at 964 (finding that the limitations period begins to run from the time of the agency's final action, which occurs when the agency has completed its decision-making process.)  The Magistrate Judge correctly found that Plaintiff's complaint was filed six years after the ABCMR's final decision denying Plaintiff's application, and, as a result, is barred by the applicable statute of limitations.

    Accordingly, the Court rules as follows:

(1) The R&R (Docket No. 13) is hereby ACCEPTED and APPROVED;

(2) Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction or, Alternatively, for Failure to State a Claim is hereby GRANTED;

(3) This case is hereby DISMISSED WITH PREJUDICE;

    The Clerk of the Court shall enter Final Judgment in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE